```
                                                                    USDC SDNY
                                                                    DOCUMENT
                                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                        DOC #:_____
SOUTHERN DISTRICT OF NEW YORK                                       DATE FILED: 5/6/2020
-------------------------------------------------------------- X
DOMINGO ROSARIO FIGUEROA,                                    :
                                                             :
                                              Petitioner,    :
                                                             :        16-CV-4469 (VEC)
                              -against-                      :
                                                             :        OPINION AND ORDER
UNITED STATES OF AMERICA,                                    :
                                                             :
                                              Respondent.    :
-------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

Petitioner Domingo Rosario Figueroa moves, pursuant to 28 U.S.C. § 2255, to vacate his convictions on Counts Six, Seven, and Eight of the third superseding indictment, and for resentencing. *See* Am. Pet., Dkt. 29. The Government concedes that vacatur of the conviction on Count Six is warranted, but it opposes vacatur and resentencing on Counts Seven and Eight. Gov. Opp., Dkt. 31 at 1. For the following reasons, the Amended Petition is GRANTED in part and DENIED in part. Defendant's conviction on Count Six is VACATED. Petitioner's remaining claims are DENIED.

## BACKGROUND

In December 1991, Petitioner was accused of kidnapping two sex workers and attempting to obtain ransom from one of their pimps. *See* Am. Pet. at 1-2; Presentence Report ("PSR") ¶¶ 12-20. On November 8, 1994, a third superseding indictment was returned charging Petitioner with eight counts: (1) conspiracy to kidnap, in violation of 18 U.S.C. § 1201(c); (2) kidnapping of LaJoclyn Yvette Walker, in violation of 18 U.S.C. § 1201(a)(1); (3) kidnapping of Lori Cooper, in violation of 18 U.S.C. § 1201(a)(1); (4) conspiracy to make extortionate threats in violation of 18 U.S.C. § 371; (5) making extortionate threats, in violation of 18 U.S.C. § 875(b);

(6) using and carrying a firearm during and in relation to the kidnapping of LaJocelyn Yvette Walker, as charged in Count Two, in violation of 18 U.S.C. § 924(c); (7) using and carrying a firearm during and in relation to the kidnapping of Lori Cooper, as charged in Count Three, and in relation to the transmission of extortionate threats, as charged in Count Five, in violation of 18 U.S.C. § 924(c); and (8) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  *See* Am. Pet., Dkt. 29, Ex. A.

At trial, with respect to Counts Six and Seven, the judge instructed the jury that they could not "find the defendant guilty of these firearms charges unless you find him guilty of committing or aiding and abetting one or more of the underlying offenses referred to in each firearms count."  Am. Pet., Dkt. 29, Ex. B at 771.  With respect to Count Eight, the jury was instructed that it was "not necessary that the government prove that the defendant knew that the crime was punishable by imprisonment for a period of more than one year."  *Id*., Ex. F.  On November 23, 1994, a jury convicted Petitioner on all eight counts; the verdict form did not indicate whether the Count Seven conviction was based on the kidnapping charge, the extortionate threats charge, or both.  *See id.,* Ex. C.

On June 15, 1995, Petitioner was sentenced to an aggregate term of 70 years imprisonment.  *See id.*, Ex. D.  The trial judge determined that Petitioner was a career offender; the Sentencing Guidelines established a total offense level of 37 and a criminal history category of VI.  *Id.* at 13.  That Guidelines calculation yielded a then-mandatory guidelines range of 360 months to life imprisonment.  *Id.*  Petitioner had a prior conviction under § 924(c), which resulted in two mandatory consecutive twenty year sentences on each of Counts Six and Seven.  *Id.;* PSR ¶¶ 26, 57.  Petitioner is currently 58 years-old and has served over 28 years in prison.  Am. Pet. at 3.

Petitioner seeks vacatur of his convictions on Counts Six and Seven under 18 U.S.C. § 924(c) in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019).  Petitioner also argues that his conviction on Count Eight for violating 18 U.S.C. § 922(g) is void under *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a petitioner "may move the court which imposed [petitioner's] sentence to vacate, set aside or correct the sentence."  Relief under Section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

### I.      Petitioner's Conviction on Count Six is Vacated[1]

Count Six charged Petitioner with violating 18 U.S.C. § 924(c), alleging that Petitioner used a firearm during and in relation to a "crime of violence."  The predicate crime of violence underlying Count Six was kidnapping, in violation of 18 U.S.C. § 1201(a)(1).  *See* Am. Pet. at 2. Petitioner argues that conviction is void under *Johnson v. United States* and *United States v. Davis*.  The Government does not object to vacatur, and the Court agrees that Petitioner's conviction on Count Six must be vacated.

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act was "unconstitutionally vague."  135 S. Ct. 2551, 2557 (2015).  Similarly, in *Davis*, the Supreme Court invalidated as unconstitutionally vague the "residual clause" of 18

---

[1]      The Government waived any argument that this claim was procedurally defaulted.  Dkt. 22 at 4.

U.S.C. § 924(c)(3)(B), leaving only the "elements clause" intact. 139 S. Ct. 2319, 2336 (2019). As a result, a § 924(c) conviction survives only if the predicate offense was a "crime of violence" under the remaining definition of § 924(c)(3). An offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Here, the parties agree that kidnapping is not a crime of violence, because the statute can be violated without the use of force, such as by "inveigl[ing]" or "decoy[ing]." Gov. Opp. at 4.

Accordingly, because Count Six of the indictment relied solely on kidnapping as the predicate offense, Petitioner's conviction on Count Six must be vacated.

## II. Petitioner is Not Entitled to Vacatur on Count Seven

Count Seven also charged a violation of 18 U.S.C. § 924(c), but the alleged predicate crimes of violence were kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and making extortionate threats in violation of 18 U.S.C. § 875(b). Petitioner reiterates his argument that the conviction is void under *Johnson* and *Davis*. The Court disagrees.

Petitioner raises several arguments in his Amended Petition and supplemental briefs as to why the Court must vacate his conviction on Count Seven. At the outset, Petitioner argues that his claim is not procedurally defaulted; Petitioner claims that there is cause and prejudice sufficient to excuse his failure to raise the claim on direct appeal. Am. Pet. at 9-11. Next, Petitioner argues that, even if the Court finds that Petitioner has failed to demonstrate cause and prejudice, Petitioner is "actually innocent" of the offense charged in Count Seven. *Id*. at 11-19. In arguing that he is "actually innocent," Petitioner argues that making extortionate threats is not a crime of violence. *Id*. at 12-19. In the alternative, Petitioner claims that, even if it is a crime of violence, his mere reference to a gun during a telephone conversation does not constitute "use"

of a weapon "during and in relation to a crime of violence" within the meaning of 18 U.S.C. § 924(c) as it existed at the time of the crime. *Id.* at 13. Finally, Petitioner argues that, even assuming making extortionate threats is a crime of violence and his reference to a gun constitutes "use" of a weapon during such a crime, because the jury could have relied instead on kidnapping as the underlying predicate offense, Count Seven must be vacated. *See* Pet. Letter, Dkt. 36. The Court will address these arguments in turn.

    i.    **Petitioner's Claim is Procedurally Defaulted**

A defendant is generally barred from "collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). When a defendant has procedurally defaulted a claim by failing to raise it on direct review, however, the claim may still be raised in a habeas petition if the defendant can "demonstrate either cause and actual prejudice, or that he is actually innocent." *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (internal punctuations and citations omitted). Here, Petitioner does not dispute that he failed to raise his *Johnson* claim on direct appeal. Although the Court agrees that Petitioner has established cause for his failure, the Court finds that Petitioner cannot demonstrate actual prejudice.

Cause exists when the Supreme Court "'overturns a longstanding and wide practice to which th[e] Court ha[d] not spoken, but which a near unanimous body of lower court authority had expressly approved.'" *Reed v. Ross*, 468 U.S. 1, 17 (1984) (quoting *United States v. Johnson*, 457 U.S. 537, 551 (1982)). The Supreme Court's decisions in *Johnson* and *Davis* announced a "new constitutional rule, representing a clear break with the past," such that Petitioner's failure to have "pressed such a claim [earlier] is sufficiently excusable to satisfy the cause requirement. *Ross,* 468 U.S. at 17 (internal quotation marks omitted); *see also Camacho v.*

*United States*, No. 17-CV-5199, 2019 WL 3838395, at *2 (S.D.N.Y. Aug. 15, 2019) (finding that petitioner established cause because "Second Circuit caselaw at the time of Petitioner's direct appeal foreclosed his § 924(c) argument, and the Supreme Court did not take up or decide *Johnson* [or *Davis*] until after Petitioner had filed his direct appeal."). As such, the Court finds that the Petitioner has sufficiently demonstrated cause for his failure to raise the claim on direct appeal.

Petitioner has not, however, demonstrated actual prejudice sufficient to excuse the procedural default. In order to establish prejudice, Petitioner must show "not merely [that] the [jury] instruction [was] undesirable, erroneous, or even universally condemned, but rather whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Gupta*, 913 F.3d at 85 (internal quotation marks omitted). A Petitioner must show not merely that the error created a "*possibility* of prejudice, but that [it] worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)). This burden "is even greater than the showing required to establish plain error on direct appeal." *Id.* at 166 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)).

Here, Petitioner fails to establish that he was prejudiced by the court's instruction that the jury could rely on either kidnapping or making extortionate threats as the predicate offense for Count Seven. As will be discussed below, because making extortionate threats is a crime of violence and provided a valid predicate offense for Petitioner's conviction on Count Seven, Petitioner cannot demonstrate prejudice. *See Lassend v. United States*, 898 F.3d 115, 123 (1st Cir. 2018) (holding that if Petitioner's "challenge fails on the merits, there cannot be actual prejudice because there would be no error from which such prejudice would flow.").

### ii.     Making Extortionate Threats in Violation of § 875(b) Is a Crime of Violence

Section 875(b), as it existed in 1991, provided that "whoever, with intent to extort from any person … any money or other thing of value, transmits in interstate commerce any communication containing (1) any threat to kidnap any person *or* (2) any threat to injure the person of another, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."[2] (emphasis added).  Because § 875(b) "criminalize[s] multiple acts in the alternative," it is a divisible statute.  *United States v. Jones*, 878 F.3d 10, 16 (2d Cir. 2017).  Petitioner acknowledges as much, and concedes that the basis for his conviction under the statute was making "threats to injure the person of another."  Am. Pet. at 14.  Petitioner argues, however, that this offense is not a crime of violence.  *See id.* at 15.  The Court disagrees.

As noted *supra*, under the surviving "elements clause" of § 924(c), an offense is a crime of violence if it "has as an element the use, attempted use, or *threatened use of physical force* against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (emphasis added).  Section 875(b) criminalizes "any threat to injure the person of another"; here, Petitioner threatened to shoot Lori Cooper.  *See* Gov. Opp at 11.  Because making a threat to injure the person of another necessarily involves the threatened use of force, it constitutes a crime of violence under § 924(c).[3]  *See United States v. Nikolla*, 950 F.3d 51, 52 (2d Cir. 2020) (holding that "threatening physical violence in furtherance of an extortion plan" under § 1951(a) "qualifies categorically as

---

[2]     The current version of the statute extends the offense to cover foreign commerce and removes the fine limitation of $5,000.

[3]     Petitioner argues that because a "threat to injure" could, in theory, include a threat to injure by *inaction*, such as by withholding food, it does not necessarily require force and is therefore not a crime of violence.  Am. Pet. at 15.  Petitioner, however, does not cite to any case that has applied § 875(b) in such a way.  As a result, Petitioner's argument fails.  *See Nikolla*, 950 F.3d at 53-54 ("To disqualify a particular offense from § 924(c)'s definition of 'crime[s] of violence,' a defendant must show 'a realistic probability, not a theoretical possibility, that the statute at issue could be applied to conduct that does not constitute a crime of violence' by establishing that 'courts [have] in fact appl[ied] the statute in the manner for which he argues.'") (citing *United States v. Hill*, 890 F.3d 51, 55-56 (2d Cir. 2018)).

a 'crime of violence' under the Elements Clause of § 924(c)(3)"); *United States v. Chapman*, 866 F.3d 129, 134-36 (3d Cir. 2017) (explaining that "knowingly mailing a communication threatening to injure the person of the addressee or of another *necessarily threatens the use of physical force*," and thus holding that the "threat to injure" prong of § 876(c) constitutes a crime of violence.) (emphasis added).

### iii. Petitioner's Reference to a Weapon Constitutes "Use" of a Gun "During and in Relation to a Crime of Violence"

Next, as Petitioner now concedes, his reference to his "big fuckin' gun, machine gun" when he was communicating a threat, *see* Gov. Opp. at 12, constitutes "use" of a gun "during and in relation to a crime of violence." *See* Pet. Letter, Dkt. 36 ("I agree that mentioning a gun could permit a jury finding of gun "use" under the version of 18 U.S.C. § 924(c) that applied to Mr. Rosario's 1991 conduct"); *Bailey v. United States,* 516 U.S. 137, 143, 148 (1995) (explaining that "use" under § 924(c)(1) "requires evidence sufficient to show an active employment of the firearm by the defendant" and that "even an offender's reference to a firearm in his possession could satisfy § 924(c)(1)"); *Polanco v. United States,* 935 F. Supp. 372, 375 (2d Cir. 1996) (repeating the Supreme Court's holding in *Bailey* that if a "gun is mentioned or disclosed by a defendant, it is actively employed, hence 'used'" and explaining that "in so finding, the [Supreme] Court acknowledged the coercive power of intimidation inherent in an offender's explicit reference to, or the visible presence of, a firearm … the Court thus plainly endorsed a threat-as-use reading of Section 924(c)").

### iv. Making Extortionate Threats Was a Valid Predicate for the Count 7 Conviction

When disjunctive theories of liability are presented to a jury and the verdict is supportable on one ground but not on another, the verdict must be set aside if "it is impossible to tell which ground the jury selected." *Yates v. United States*, 354 U.S. 298, 312 (1957); *United States v. Zvi*, 168 F.3d 49, 55 (2d Cir. 1999). The Second Circuit has recognized, however, that even in cases with general verdicts, it may not be "impossible to tell" which ground the jury selected; the conviction need not be vacated if the jury would have "necessarily found" the defendant guilty on the valid ground. *Zvi*, 168 F.3d at 55-56; *see also United States v. Coppola*, 671 F.3d 220, 237-38 (2d Cir. 2012) (*Yates* error is harmless if "the jury necessarily would have had to" find defendant guilty of the valid ground). In the context of § 924(c), when a conviction rests on the use of a gun in relation to multiple predicates, and one of the predicates is later found to be invalid, the conviction may still survive if the § 924(c) charge is "clearly supported by a [] predicate presenting no legal concern." *United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016).

Here, as noted *supra*, kidnapping is not a crime of violence and is therefore not an adequate predicate for a § 924(c) conviction. Making extortionate threats, however, *is* a crime of violence and adequately supported Petitioner's conviction on Count Seven. Petitioner concedes that he made "telephone calls to Jay Jackson, Cooper's pimp, demanding a ransom," and that those calls, which were recorded, were the basis of his conviction on Count Five. PSR ¶ 17; Am. Pet. at 13. During one of those recorded calls, Petitioner stated: "I'm fuckin crazy man. I got a big fuckin' gun, machine gun, alright? I don't care … You want your baby back … You don't want it back your baby … She disappear the world." Gov. Opp. at 12. Thus, the very same evidence that proved Petitioner made extortionate threats also established the use of a gun in

connection with those threats. Put differently, the evidence that the jury must have credited in order to convict the Defendant of making extortionate threats was the evidence that proved the use of a gun in connection with the extortionate threats. Thus, Petitioner's conviction on Count Seven was "clearly supported" by the extortionate threats predicate. *Vasquez*, 672 F. App'x at 61; *Serrano v. United States*, No. 17-CV-6444, 2018 WL 3315727, at *7 (S.D.N.Y. July 5, 2018) (rejecting the argument that the Court should vacate his sentence on the grounds that robbery conspiracy is not a crime of violence because the conviction was "clearly supported by a narcotics predicate."); *Vilar v. United States*, No. 16-CV-5283, 2020 WL 85505, at *3 (S.D.N.Y. Jan. 3, 2020). As such, instructing the jury that it could rely on either kidnapping or making extortionate threats as the predicate offense for Count Seven did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Hedgpeth v. Pulido*, 555 U.S. 57, 59 (2008).

In short, even though there was cause for Petitioner's procedural default, he has not demonstrated actual prejudice necessary to excuse the procedural default.[4]

### III.    Petitioner is Not Entitled to Vacatur on Count Eight

Count Eight alleged that Petitioner, having been convicted of a crime punishable by more than one year imprisonment, knowingly possessed a firearm, in violation of 18 U.S.C. § 922(g). Petitioner argues that the conviction is void under *Rehaif v. United States*. The Court disagrees.

In *Rehaif*, the Supreme Court clarified that to prove a violation of Section 922(g) the government must prove that the defendant knew at the time he possessed the firearm that he belonged to the relevant category of persons barred from possessing a firearm. 139 S. Ct. at

---

[4]   For the same reasons Defendant cannot prove actual prejudice, he also has not demonstrated actual innocence. The evidence that he used a gun in connection with his extortionate threats is overwhelming and undisputed.

2194, 2200 ("the word 'knowingly' applies both to the defendant's conduct and to the defendant's status;" therefore, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). Here, the indictment did not allege, and the Government did not prove at trial, that Petitioner possessed a firearm *knowing* that he belonged to the relevant category of restricted persons. Further, the jury was charged that it was "not necessary that the government prove that the defendant knew that the crime was punishable by imprisonment for a period of more than one year." Am. Pet., Ex. F. Although the Court allowed Petitioner to amend his petition to add a *Rehaif* claim, upon further examination of emerging case law, the Court finds the claim to be procedurally defaulted. While the Court agrees that Petitioner has established cause for his failure to raise his *Rehaif* claim on direct appeal, it finds that Petitioner cannot demonstrate actual prejudice.

As noted *supra*, cause exists when the Supreme Court overturns a longstanding and wide practice as to which a near unanimous body of lower court authority had expressly approved but as to which the Supreme Court had not spoken. *Reed v. Ross*, 468 U.S. at 17. The Supreme Court's decision in *Rehaif* overturned an interpretation of 18 U.S.C. § 922(g) that had "been adopted by every single Court of Appeals to address the question." 139 S. Ct. at 2201 (Alito J., dissenting). As such, the Court finds that the Petitioner has sufficiently demonstrated cause for his failure to raise the claim on direct appeal.

Petitioner has not, however, demonstrated actual prejudice sufficient to excuse the procedural default. In light of *Rehaif*, the jury was indisputably incorrectly instructed that the Government need not prove that Petitioner knew of his restricted status; nevertheless, the Court finds that sufficient evidence existed to establish Petitioner's knowledge. Petitioner had been

sentenced to seven separate sentences of imprisonment of more than one year, including one 16-year sentence. *See* Gov. Opp. at 2; Am. Pet. at 22. Moreover, prior to trial, Petitioner had spent eleven of the previous thirteen years in prison. *See* Gov. Letter, Dkt. 25 at 5. Thus, any argument that Petitioner was prejudiced by the incorrect jury instruction "is belied by the sheer implausibility" that after being sentenced to seven separate sentences of imprisonment of more than one year, and having in fact served more than one year in prison in connection therewith, Petitioner "nevertheless lacked the requisite awareness of his restricted status." *Whitley v. United States*, No. 04-CR-1381, 2020 WL 1940897, at *2 (S.D.N.Y. Apr. 22, 2020) (holding that Defendant's Presentence Report, which indicated that he had spent more than one year in prison serving sentences longer than one year, demonstrated "beyond shadow of doubt that the Government would have had no trouble proving that [defendant] was aware of his restricted status had the law so required at the time of his trial."); *Cf. United States v. Miller,* 954 F.3d 551, 559 (2d Cir. 2020) (acknowledging that, "given the rights to appointed counsel, effective assistance of counsel, and due process, it is highly improbable that a person could be convicted of a felony without being aware that his possible sentence would exceed one year's imprisonment."). Finally, the parties stipulated to Petitioner's prior conviction. *See* Am. Pet, Ex. F ("the parties have stipulated that [Petitioner] was convicted of a crime in the Superior Court, Commonwealth of Puerto Rico, and that this crime is punishable by imprisonment for a term exceeding one year."). Because sufficient evidence existed to establish Petitioner's knowledge of his status as a convicted felon, Petitioner has not demonstrated that the erroneous jury instruction prejudiced him or affected the outcome of his trial.[5] *Whitley*, 2020 WL 1940897,

---

[5] Petitioner relies heavily on Judge Sullivan's decision in *United States v. Sepulveda,* 420 F. Supp. 3d 153 (S.D.N.Y. 2019). In *Sepulveda*, Judge Sullivan rejected the argument that information in the Presentence Report and a stipulation establishing Defendant's prior convictions were sufficient to establish Defendant's knowledge of his restricted status. The Court declines to apply *Sepulveda* to this case for several reasons. First, Judge Sullivan's

12

at \*6 (holding that defendant's Presentence Report was "fatal to any suggestion that [he] was actually unaware of his restricted status and was thereby prejudiced by the failure to raise his *Rehaif* claim sooner."); *see also United States v. Hollingshed*, 940 F.3d 410, 415-16 (8th Cir. 2019) (serving 78 months on prior conviction "indicate[s] that [the defendant] knew" he was a convicted felon for § 922(g)(1) purposes such that "any error in not instructing the jury to make such a finding did not affect [the defendant's] substantial rights"); *United States v. Burghardt*, 939 F.3d 397, 404 (1st Cir. 2019) (explaining that there was "no reason to think that the government would have had any difficulty at all in offering overwhelming proof that [Defendant] knew that he had been previously convicted of offenses punishable by more than a year in prison").

The Court also notes that Petitioner does not argue that he in fact lacked the requisite knowledge of his restricted status.  Instead, he merely argues that the indictment did not allege that he possessed a gun knowing that he had previously been convicted of a crime punishable by over a year in prison, and that the jury was improperly instructed that they need not find that defendant knew of his restricted status.  Am. Pet. at 19-20.  This distinguishes Petitioner's case from one in which a defendant could plausibly have been unaware of his restricted status and therefore, potentially, actually prejudiced by a *Rehaif* error.  For example, in *Rehaif*, the Supreme Court noted that "an alien who was brought into the United States unlawfully as a small child," might be "unaware of his unlawful status," or "a person who was convicted of a prior

---

decision was issued before the Second Circuit's decision in *Balde*.  Second, and more significantly, *Sepulveda* did not involve a § 2255 petition; Judge Sullivan's reasoning led him to grant Defendant's Rule 33 motion for a new trial on the *Rehaif* claim, *not* to vacate Defendant's conviction in the context of a 2255 petition.  Moreover, the defendant's motion for a new trial in *Sepulveda* was subject to review for plain error.  As a result, Judge Sullivan's decision to limit himself solely to the facts presented at trial was driven, at least in part, by the rule that the "'actual trial record' controls on *plain error* review." 420 F. Supp. 3d at 171 (emphasis added).  By contrast, because the instant petition is subject to the more demanding cause and prejudice analysis, *Frady*, 456 U.S. at 153, the Court is not similarly confined to the trial record. *See Whitley*, 2020 WL 1940897, at \*7.

13

[felony] but sentenced only to probation [might] not know that the crime is '*punishable* by imprisonment for a term exceeding one year.'" *Rehaif*, 139 S. Ct. 2197-98 (quoting 18 U.S.C. § 922(g)(1)) (emphasis in original). Similarly, in *United States v. Balde,* 943 F.3d 73, 97 (2d Cir. 2019), the Second Circuit held that a *Rehaif* error affected a defendant's substantial rights because the defendant's immigration status was "hotly contested." By contrast, Petitioner's status as a convicted felon was clear; he had recently spent eleven years in prison. As a result, there was "no realistic defense," *Balde,* 943 F.3d at 97*,* that Petitioner did not know that he had previously been convicted of a crime punishable by more than one year in prison; the Government easily could have proven as much had it known it was required to do so. Put differently, the failure to instruct the jury that the Government was required to prove Petitioner's knowledge could not "plausibly have impacted [Petitioner's] conviction by a jury." *Whitley*, 2020 WL 1940897; *Balde*, 943 F.3d at 97; *United States v. Bryant*, No. 16-CV-3423, 2020 WL 353424, at *4 (E.D.N.Y. Jan. 21, 2020) (noting that courts "have uniformly held that the failure to advise the defendant at his plea, *or to instruct a jury*, that the government had to prove knowledge of status [is] *not* plain error where, as here, the record contains facts sufficient to satisfy that element.") (emphasis added).[6]

---

[6] The cause and prejudice standard is a *more* demanding standard than plain error review. *See Frady*, 456 U.S. at 166-67 (explaining that the burden of demonstrating prejudice to support a collateral attack on a conviction is "even greater than the showing required to establish plain error on direct appeal"). Nevertheless, the Court notes that Petitioner's claim would fail under the fourth prong of the less onerous plain error review: the error did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *See Miller,* 954 F.3d at 559-60 (holding that the *Rehaif* error did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings,' because the PSR showed petitioner's prior conviction resulted in a sentence of ten years' imprisonment, and noting that the Government should not be penalized "for its failure to introduce evidence that it had but that, prior to *Rehaif*, it would have been precluded from introducing [due to the defendant's stipulation]."). Because the *Rehaif* error is insufficient to constitute plain error warranting vacatur, so too is it insufficient to establish prejudice under the cause and prejudice standard.

In sum, although Petitioner has established cause for his procedural default, he has not shown actual prejudice.  Accordingly, the *Rehaif* claim is dismissed as procedurally defaulted.

## CONCLUSION

For the foregoing reasons, the Petition is GRANTED in part and DENIED in part. Count Six is VACATED.  Petitioner's claims as to Counts Seven and Eight are DISMISSED. Resentencing will be held on **June 26, 2020 at 2:30 p.m**.  Sentencing submissions are due by **June 12, 2020**.  The Government is directed to include in its submission Petitioner's educational and disciplinary record from the Bureau of Prisons.

The clerk of court is respectfully directed to close the open motion at docket entry 29.

**SO ORDERED.**

_____

**Date:  May 6, 2020**               **VALERIE CAPRONI**
       **New York, New York**         **United States District Judge**